J-S25028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER ALLEN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| COREY M. KALISZEWSKI | : | |
| | : | |
| Appellant | : | No. 1702 WDA 2017 |

Appeal from the Order Entered October 24, 2017
In the Court of Common Pleas of Erie County
Domestic Relations at No(s):  Docket No. NS201400549,
PACSES Case No. 715114581

BEFORE:  GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                **FILED SEPTEMBER 7, 2018**

Corey Kaliszewski appeals from the order decreasing his monthly child support payment to Jennifer Allen.[1] Kaliszewski claims the court erred in concluding that he did not have primary custody of the parties' child and that the record supports an end to his liability for child support payments to Allen. He also contends the court erred in failing to set forth adequately the support guidelines and its reasons for deviating from them. We affirm.

We begin with the bedrock principle that a parent has an absolute duty to support his child. ***See Kimock v. Jones***, 47 A.3d 850, 854 (Pa. Super. 2012). The guiding policy in child support determinations is the best interest of the child. ***See id***.

_____

[1] Allen has not filed an Appellee's brief.

We may reverse the court only where there is no valid ground supporting it. *See id*. The court has broad discretion in determining the facts and equities based upon the evidence before it. *See id*. The court does not abuse its discretion merely by committing an error of judgment. *See id*. An abuse of the court's discretion only occurs if "the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will[.]" *Id*. (citations omitted).

The parties are parents of one child, currently five years old. The custody order provides for a 50/50 split of physical custody. The conference officer recommended that Kaliszewski pay Allen $475.18[2] per month in support of the child. Kaliszewski requested a *de novo* hearing before the Court of Common Pleas.

At the *de novo* hearing, the primary factual issue was the *de facto* physical custody history. Kaliszewski asserted that he had physical custody of the child 54% of the time in 2017.[3] In support, he provided exhibits demonstrating the number of nights during the year each party had physical custody. He also presented an exhibit containing text messages from Allen

_____

[2] Neither party has ever challenged this number. As noted, Kaliszewski challenges only the finding that he has any liability to Allen.

[3] The court disagreed with Kaliszewski's math: by its calculations, Kaliszewski's numbers equated to 53% of the time in 2017. This discrepancy is ultimately irrelevant to our analysis.

requesting him to take, or retain, physical custody of the child for times when Allen was entitled to custody under the custody order.

In contrast, Allen testified that the parties generally followed the 50/50 physical custody split. Any deviation from the scheme provided by the custody order was the result of Allen honoring the order's directive that if a party needed a babysitter, the other parent was to be given first priority to fill the role.

The court found Allen's testimony credible. It concluded the *de facto* physical custody history was not materially different from the 50/50 scheme set forth in the custody order. However, it found that Kaliszewski provided Allen with additional indirect economic aid such as significant periods of free baby-sitting. The court thus concluded that Kaliszewski's support payments should be reduced.

Kaliszewski's first two issues on appeal both turn on the same issue.[4] He contends he should have no liability to Allen, since he believes he has *de facto* primary physical custody. However, the court found the parties still generally followed the 50/50 split of physical custody set forth by the custody order. While Kaliszewski presented a strong case for a modification, we can glean no reason from the record for disturbing the court's credibility determinations. Nor can we conclude the court's determination that

_____

[4] Indeed, Kaliszewski's brief combines the arguments on the first two issues into a single section.

Kaliszewski pay Allen child support constitutes an abuse of the court's broad discretion.

Kaliszewski focuses on the court's reliance on an alleged discovery violation in finding his evidence not credible. Specifically, the court notes that it discredited Kaliszewski's exhibit documenting the physical custody split in 2017 due to "his failure to provide [Allen] with a copy of the document in advance of the *de novo* hearing, despite her having asked for it two months earlier." Trial Court Opinion, 12/15/17, at 4.

We acknowledge the court's reasoning is troublesome in light of Pa.R.C.P. 1930.5(a) (mandating no discovery practice in simple support procedures). However, our review of the record indicates that even if we were to conclude this constituted a misapplication of the law, we do not believe it was an error that controlled the outcome. The court did not only find Kaliszewski's exhibit non-credible. It also found Allen's testimony credible. This is an independent credibility determination that supports the court's decision.

Furthermore, the court credited Kaliszewski's assertions that he provided a significant amount of baby-sitting for Allen's benefit. Thus, the primary point of dispute is not the court's explicit credibility determinations, but rather, its determination that any deviation from the 50/50 split in physical custody was *de minimus*, and amounted to no more than normal flux in scheduling. After reviewing the record and Kaliszewski's arguments, we

cannot conclude the court abused its broad discretion in reaching this conclusion. Kaliszewsi's first two issues on appeal merit no relief.

In his third and final issue, Kaliszewski argues the court erred by not providing an explicit calculation supporting its award of $200 per month in child support in favor of Allen. The court notes that the parties' incomes and earning capacities were not in dispute at the *de novo* hearing. Nor did either party challenge the conference officer's calculation of the guideline amount. The only dispute centered on whether the *de facto* physical custody history established that Kaliszewski exercised primary physical custody.

We agree with the court that, under these circumstances, it was not an egregious oversight to fail to set forth the guideline support calculation and result. The parties were fully aware of these numbers, and neither had seen fit to challenge their accuracy.

Furthermore, the court was not required to provide a detailed, point by point recitation of the factors it used and weighed in arriving at the downward deviation awarded to Kaliszewski. *See E.R.L. v. C.K.L.*, 126 A.3d 1004, 1008 (Pa. Super. 2015). "[O]nce the court has properly consulted the guidelines, it has the discretion to deviate from the guidelines figure, as long as the court provides adequate reasons for the deviation." *Silver v. Pinskey*, 981 A.2d 284, 296 (Pa. Super. 2009) (*en banc*) (citation omitted). Moreover, despite Kaliszewski's passing argument to the contrary, it is clear the award takes into

account the 50/50 split of custody.[5] Based upon these circumstances, we cannot conclude the court's resolution of child support constitutes an abuse of its broad discretion. We therefore affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2018

---

[5] While we cannot recreate the court's calculations precisely, we note the parties combined net monthly income is $4,272.47, which yields a support obligation of $911 per month. Kaliszewski's share of the obligation, in the absence of a modification for shared custody, is $3,076.85/$4,272.47 or 72%. 72% of $911 is $655.92. Pursuant to Pa.R.C.P. 1910.16-4(c)(1), a 50/50 split of custody would reduce his share of the obligation to 52%, or $473.72. Thus, the guideline calculation by the court, providing an obligation of $475.18, took the 50/50 custody split into account.